IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00047-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| APPROXIMATELY $27,119.00 IN U.S. CURRENCY seized from Joseph Brandon Hall on or about March 20, 2021, in Jackson County, North Carolina, | ) ) ) ) ) ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ORDER OF DEFAULT JUDGMENT

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment. [Doc. 7]. Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the approximately $27,119.00 in U.S. Currency ("Defendant Currency") seized from Joseph Brandon Hall as identified in the Complaint.

## I.   FACTUAL BACKGROUND

The following is a recitation of the relevant, admitted facts.[1]

---

[1] Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings

### A. Overview of Events Leading Up to March 2021 Search Warrant at 47 Race Lane

Beginning since at least 2019, the Sylva Police Department has received numerous complaints about drug sales, drug overdoses, and other illegal activity occurring at a residence located at 47 Race Lane, Sylva, NC 28779. [Doc. 1 at ¶ 7]. During the relevant period of time, siblings Megan Emily Tate and Jack Cody Tate lived at 47 Race Lane. Ms. Tate's boyfriend, Joseph Brandon Hall, also resided there. [Id. at ¶ 8]. All three of these individuals—Ms. Tate, Mr. Tate, and Mr. Hall—have criminal histories that include various drug charges. [Id. at ¶ 9].

### B. Several Individuals Have Confirmed That Drugs Are Sold at 47 Race Lane

Law enforcement received information from various sources that individuals frequented 47 Race Lane to purchase heroin and other drugs. [Id. at ¶ 10]. For example, on June 29, 2019, Officer Price with the Sylva Police Department conducted a traffic stop on a vehicle that had just departed from 47 Race Lane. [Id. at ¶ 11]. During the traffic stop, an occupant of the vehicle stated that methamphetamine, heroin, fentanyl, and other drugs are kept at 47 Race Lane. [Id.].

---

Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint [Doc. 1] are deemed admitted as true.

On September 14, 2019, Lieutenant Moore with the Sylva Police Department made contact with an individual whom he observed leave 47 Race Lane. [Id. at ¶ 12]. The individual was in possession of a loaded concealed handgun, along with heroin and methamphetamine. [Id.]. This individual confirmed that drugs can be purchased at 47 Race Lane, and admitted to buying drugs at the residence on various occasions. [Id.].

On September 23, 2019, Officer Stiles with the Sylva Police Department observed an individual named Adrian Ontiveros depart from 47 Race Lane. [Id. at ¶ 13]. During a traffic stop of the vehicle operated by Mr. Ontiveros, Officer Stiles observed the passenger stuff something into his pants. [Id.]. Mr. Ontiveros gave consent to search the vehicle for illegal drugs. [Id.]. Fentanyl, methamphetamine, and Xanax were found in a bag inside the passenger's pants. [Id.].

On September 27, 2020, a Sylva Police Officer was contacted by a cooperating citizen who wanted to provide information about 47 Race Lane. [Id. at ¶ 14]. The individual confirmed that Ms. Tate sells methamphetamine, heroin, and marijuana. [Id.].

On October 6, 2020, Sergeant Hyatt with the Sylva Police Department observed a vehicle leave from 47 Race Lane. [Id. at ¶ 15]. The vehicle did not have its headlights on. [Id.]. Sergeant Hyatt conducted a traffic

stop of the vehicle. [Id.]. During the traffic stop, Sergeant Hyatt discovered that Mr. Tate was an occupant of the vehicle. [Id.]. A trained narcotics K-9 conducted an open-air sniff around the exterior of the vehicle and provided a positive alert. [Id.]. A quantity of heroin, over $850 in U.S. Currency, and various items of drug paraphernalia were seized from the vehicle. [Id.].

### C. Multiple Drug Overdoses Have Occurred at 47 Race Lane

Numerous drug overdoses have occurred at 47 Race Lane. [Id. at ¶ 16]. For example, on September 7, 2019, Sergeant Reid and Officer Stiles with the Sylva Police Department responded to a drug overdose call at 47 Race Lane. [Id. at ¶ 17]. Upon arriving at the residence, Officer Stiles administered Narcan to an individual who was unresponsive. [Id.]. Officer Stiles observed a syringe near the individual that contained a clear liquid, which was identified as fentanyl. [Id.]. Mr. Tate was inside the residence at the time. [Id.].

On August 24, 2020, officers from the Sylva Police Department responded to another drug overdose call at 47 Race Lane. [Id. at ¶ 18]. Before first responders had arrived, individuals at 47 Race Lane had used four doses of Narcan to assist the individual. [Id.].

On January 11, 2021, the Sylva Police Department responded to another emergency call at 47 Race Lane because a young man had overdosed on an opiate-based narcotic.   [Id. at ¶ 19].

### D.     Trash Pulls Further Confirm Drug Activity at 47 Race Lane

On September 11, 2019, the Sylva Police Department conducted a search of trash that was discarded nearby the 47 Race Lane residence.   [Id. at ¶ 20].   During this search, law enforcement located, among other things, syringes, Narcan, multiple burnt aluminum foil pieces, plastic baggies, and pills, all of which appeared to come from 47 Race Lane.   [Id.].

On October 7, 2020, the Sylva Police Department conducted another search of trash from 47 Race Lane.   [Id. at ¶ 21].   During this search, officers located used syringes, mail addressed to Ms. Tate, numerous burnt aluminum foil pieces, a used opioid overdose rescue kit, and various other drug paraphernalia.   [Id.].

### E.     March 2021 Search Warrant at 47 Race Lane

On March 20, 2021, the Sylva Police Department received a call for service at 47 Race Lane.   [Id. at ¶ 22].   The caller indicated that one of the residents, Mr. Hall, was acting dangerously and attempting to hurt people. [Id.].   He was reportedly chasing individuals at the residence with an axe and had busted out the window of a vehicle.   [Id.].   When officers arrived,

they learned that Mr. Hall had apparently taken several Xanax pills the night before and was still suffering side effects. [Id. at ¶ 23].

After the officers were able to calm Mr. Hall down, he took a seat in his 1994 Black Ford Escort in the driveway. [Id. at ¶ 24]. Officers observed several items of drug paraphernalia and a residual amount of white powder type substance in plain view inside the vehicle. [Id.]. Due to the items being in plain view, Sergeant Jones with the Sylva Police Department began started searching the passenger side of the vehicle. [Id. at ¶ 25]. During his search, among other things, Sergeant Jones located a wooden dresser drawer in the backseat that had white powdery residue all over it. [Id.]. Sergeant Jones asked Mr. Hall where the drawer came from, and Mr. Hall informed him that it was from Mr. Hall and Ms. Tate's bedroom, and that all of the drug paraphernalia in the floorboard of the vehicle was dumped out of that drawer. [Id.].

Due to the above events, including the history of illegal narcotics use and illegal narcotics sales at the residence, on March 20, 2021, law enforcement applied for and executed a search warrant to search 47 Race Lane. [Id. at ¶ 26]. Upon entering the residence, officers located a backpack that was beside the couch in the living room. [Id. at ¶ 27]. Upon

searching the backpack, Sergeant Jones with the Sylva Police Department located a bulk amount of United States Currency totaling $23,402.00. [Id.].

While searching Mr. Hall and Ms. Tate's bedroom, officers located various drug paraphernalia, including syringes and several glass smoking bongs. [Id. at ¶ 28]. Officers also located and seized three sets of digital scales in a dresser drawer in Mr. Hall and Ms. Tate's bedroom. [Id.].

Additionally, officers located and seized various illegal narcotics during the execution of the search warrant, including suspected methamphetamine totaling approximately 24.72 grams, suspected heroin/fentanyl totaling approximately 19.96 grams, and suspected marijuana totaling approximately 10.03 grams. [Id. at ¶ 29]. Officers also located and seized an additional $2,806.00 in U.S. Currency, which was found in a gold bedazzled cosmetic bag in the living room. [Id.]. Additionally, officers located $911.00 in U.S. Currency in an end table drawer between the couch and the television, which also contained various drug paraphernalia. [Id.]. The total amount of U.S. Currency seized from the residence totaled $27,119.00, which is the Defendant Currency at issue in this action. [Id. at ¶ 30].

There is no indication that Mr. Hall, Ms. Tate, or Mr. Tate have any legitimate source of employment. [Id. at ¶ 31].

## II. PROCEDURAL BACKGROUND

On March 7, 2022, the Government filed a Verified Complaint for Forfeiture in Rem, alleging that the Defendant Currency seized from Mr. Hall is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). [Doc. 1]. On March 7, 2022, the Clerk issued a Warrant of Arrest in Rem for the Defendant Currency. [Doc. 2].

After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on March 10, 2022, the Government mailed notice and a copy of the Complaint to Mr. Hall, Megan Tate, and Jack Tate. [Doc. 3]. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on March 11, 2022. [Id.].

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the

8

Case 1:22-cv-00047-MR-WCM   Document 9   Filed 09/01/22   Page 8 of 10

pendency of this action, no individual or entity has made a timely claim to the Defendant Currency.

## III. DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 21 U.S.C. § 881(a)(6).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currency is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the

notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Currency.

After careful review, the Court concludes that the Government has established that default judgment is appropriate.

## JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment [Doc. 7] is hereby **GRANTED**, and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Currency identified in the Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the Defendant Currency as provided by law.

**IT IS SO ORDERED**.

Signed: September 1, 2022

Martin Reidinger
Chief United States District Judge